hON APPLICATION FOR REINSTATEMENT
PER CURIAM.*
This proceeding arises out of an application for reinstatement filed by petitioner, John Jewell Pace, an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Petitioner, who is an alcoholic, relapsed in February 2008 by abusing narcotic pain medication which was prescribed to him after he was injured in two different accidents. He also resumed drinking alcohol and began using marijuana and crack cocaine. In the aftermath of his relapse, petitioner abandoned his law practice and his clients, placing the clients and the public at great risk.[1] In In re: Pace, 09-2618 (La.1/22/10), 26 So.3d 148, the court accepted a petition for consent discipline suspending petitioner from the practice of law for one year and one day, retroactive to May 16, 2008, the date of his interim suspension imposed in In re: Pace, 08-1041 (La.5/16/08), 981 So.2d 686.
After serving his suspension, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel |2(“ODC”) took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended petitioner be condi *660 tionally reinstated to the practice of law. The disciplinary board agreed petitioner has satisfied the requirements for reinstatement by clear and convincing evidence. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law, subject to a five-year period of probation to coincide with a five-year LAP contract. Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
After considering the record in its entirety, we will adopt the disciplinary board’s recommendation and reinstate petitioner to the practice of law, subject to the condition that he must extend his current LAP contract for a period of five years and fully comply with the terms and conditions thereof.[2] The ODC shall monitor petitioner’s compliance with his recovery agreement and notify this court of any violation, which may be grounds for immediately transferring petitioner to disability inactive status, or placing him on interim suspension, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that John Jewell Pace, Louisiana Bar Roll number 1115, be immediately reinstated to the practice of law in Louisiana, subject to the conditions set forth herein. All costs of these proceedings are assessed against petitioner.
CLARK, J., would deny.

 Chief Justice Kimball not participating in the opinion.

. In March 2008, petitioner was admitted to a substance abuse treatment facility in Birmingham, Alabama. Upon his discharge, he signed a Lawyers Assistance Program (“LAP”) contract, dated June 9, 2008.

. Petitioner's current LAP contract expires on June 9, 2013. The five-year extension that is a condition of petitioner’s reinstatement will subject him to monitoring by LAP through 2015.